IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NORTHERN STAR SPONSOR, LLC, JOANNA COLES, JONATHAN J. LEDECKY, JAMES H.R. BRADY, JONATHAN MILDENHALL, DEBORA SPAR, and JUSTINE CHENG, | § § § § § § § | No. 482, 2025<br><br>Court Below—Court of Chancery of the State of Delaware |
| Defendants Below, Appellants, | § § § | C.A. No. 2024-0276 |
| v. | § § | |
| SARAH KENVILLE, DYLAN NEWMAN, and MICHAEL FARZAD, | § § § § | |
| Plaintiffs Below, Appellees. | § § § | |

Submitted: December 2, 2025
Decided: January 15, 2026

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice of interlocutory appeal, the supplemental notice, the exhibits, and the supplemental authority, it appears to the Court that:

(1)    In March 2024, plaintiffs below-appellees, former stockholders of Northern Star Acquisition Corp. ("Northern Star"), filed a class action complaint asserting claims for breach of fiduciary duty and unjust enrichment against defendants below-appellants Northern Star Sponsor LLC, Joanna Coles, Jonathan J.

Ledecky, James H.R. Brady, Jonathan Mildenhall, Debora Spar, and Justine Cheng. The claims arose from a de-SPAC merger between Northern Star and Barkbox, Inc.

(2) In February 2025, the plaintiffs moved for certification of a class consisting of people who held shares of Northern Star Class A common stock as of the May 26, 2021 redemption deadline and who were entitled to, but did not, redeem all of their shares, and their successors-in-interest who obtained their shares by operation of law. After briefing and argument, the Court of Chancery granted the motion in a bench ruling ("Class Certification Ruling"). The court concluded that the proposed class satisfied the numerosity, commonality, typicality, and adequacy requirements of Court of Chancery Rules 23(a) and could be maintained under Rules 23(b)(1) (adjudication of one stockholder's claims would be dispositive of the interests of other stockholders) and (b)(2) (the conduct at issue was generally applicable to all class members). The court entered an order implementing the ruling on October 31, 2025.

(3) On November 10, 2025, the defendants filed a timely application for certification of the Class Certification Ruling under Supreme Court Rule 42. The plaintiffs opposed the application. The Court of Chancery denied the application for certification.

(4) In denying certification, the Court of Chancery first found that the Class Certification Ruling did not decide a substantial issue of material importance

2

because it decided a procedural issue, not a substantive one. The court next considered the Rule 42(b)(iii) criteria identified by the defendants as supporting certification. As to Rule 42(b)(iii)(A) (a question of law resolved for the first time in Delaware), the court found that it was well-settled that a class could be certified for claims alleging breaches of fiduciary duty. The court cited multiple cases asserting breaches of fiduciary duty in connection with de-SPAC mergers where stockholder classes were certified. The court also rejected the defendants' contention that the Class Certification Ruling created a matter of first impression by establishing a rebuttable presumption of reliance in class actions, stating that it had made no such determination.

(5) Turning to Rule 42(b)(iii)(E) (interlocutory order that reverses or sets aside a prior decision of the trial court), the court noted that the defendants did not actually argue that there was a reversal of a prior decision. The court disagreed with the defendants' characterization of the Class Certification Ruling as conflicting with holdings of this Court and the Court of Chancery. The court described the Class Certification Ruling as distinguishing previous cases, not rejecting or conflicting with those cases. The court also rejected the defendants' reliance on Rule 42(b)(iii)(G) (review of the interlocutory order may terminate the litigation) because the merits of the plaintiffs' claims would have to be litigated regardless of whether the Class Certification Ruling was reversed.

(6)     As to Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court concluded that the defendants had not shown that interlocutory review would serve considerations of justice.  The court found that the defendants' reliance on *Green v. GEICO Gen. Ins. Co.*[1] to argue otherwise was misplaced.  *Green* involved the Superior Court's certification of a class in a case involving claims that an insurance company used computer models to deny valid claims of insureds, not claims for breach of fiduciary duty in the context of requested stockholder action in a de-SPAC transaction.  And although the Superior Court had granted the application for certification of an interlocutory appeal, this Court refused the appeal, finding that the case was not exceptional and that interlocutory review would not terminate the litigation.[2]  Finally, the court found that the benefits of interlocutory review would not outweigh the probable costs because such review would only further delay and disrupt the litigation.

(7)     Applications for interlocutory review are addressed to the sound discretion of this Court.[3]  In the exercise of our discretion and giving due weight to the Court of Chancery's view, we conclude that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b).  We

---

[1] *Green v. Geico Gen. Ins. Co.*, 2019 WL 4643937 (Del. Super. Ct. Sept. 23, 2019).

[2] *Geico Gen. Ins. Co. v. Green*, 219 A.3d 996, 2019 WL 5057862 (Del. Oct. 8, 2019) (TABLE).

[3] Supr. Ct. R. 42(d)(v).

agree with the Court of Chancery that the Rule 42(b)(iii) criteria do not weigh in favor of interlocutory review.  Exceptional circumstances that would merit interlocutory review do not exist,[4] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[5]

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

---

[4] *Id.* 42(b)(ii).
[5] *Id.* 42(b)(iii).